UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYNE C. JENKINS,
for Audrey Jenkins,

       Plaintiff,

-against-

VALERIE MARGOLIN; IRWIN L. PITNIK;
LARRY COHEN; HERB COHEN,

       Defendants.

21-CV-5108 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this action *pro se*, alleging that Defendants violated the rights of her deceased mother in connection with real property her mother owned in Westchester County, New York.

  By order dated June 10, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff Carolyne Jenkins alleges the following facts in the complaint. One or more Defendants approached Audrey Jenkins, Plaintiff's mother, and asked her if she wanted to refinance "the building." (ECF 2 at 5.) Plaintiff's records show that the refinance "never happened" and that "this money was [n]ever borrowed." (*Id.*) Foreclosure proceedings began without service on process on Audrey Jenkins and "without her knowledge"; Plaintiff alleges that her mother "never lived at 78 Brook Street." (*Id.*) Audrey Jenkins passed away on or about November 3, 2019. (*Id.*)

Plaintiff attaches to the complaint pleadings captioned for the Supreme Court of the State of New York, Westchester County, which refer to the mortgaged premises as "92 Horton Avenue a/k/a 78 Brook Street" in New Rochelle, New York. (*Id.* at 8, 21.) She attaches a document styled as a "Referee's Deed in Foreclosure," which states that Valerie Margolin, Irwin Pitnick, Larry Cohen, and Herb Cohen foreclosed on a mortgage recorded on April 27, 2009, and that judgment was entered on November 22, 2010, in an action under Index Number 4515/10, in the Supreme Court of the State of New York, Westchester County. (*Id.* at 21.) That document appears to reflect that on January 25, 2011, the referee sold the property for $500 at a foreclosure auction. (*Id.* at 21-22.) Plaintiff seeks "to be compensated for what the building is now worth." (*Id.* at 6.)

**DISCUSSION**

**A.      Standing to Sue**

As a *pro se* litigant, Plaintiff generally cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

"[T]he administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate." *Guest*, 603 F.3d at 21; *see also Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019). But when the estate has beneficiaries or creditors other than the litigant, the "action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.").

Here, Plaintiff does not allege that she is an attorney, and does not indicate whether she has been appointed administrator or personal representative of her mother's estate, or whether there are any other beneficiaries or creditors of the estate. It therefore appears that Plaintiff lacks standing to assert claims on behalf of her mother's estate. *See Garmon v. Cty. of Rockland*, No. 10-CV-7724 (ALC) (GWG), 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) ("Since Plaintiff was not named the administrator of the estate, he does not have standing to bring claims belonging to the decedent.") (collecting cases). Moreover, as set forth below, it is not clear that a federal district court can exercise jurisdiction over this matter.

**B.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and her allegations do not appear to give rise to a claim under federal law.

Several federal statutes govern terms and conditions of mortgage transactions, such as the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and others. But Plaintiff does not allege that she entered into a mortgage transaction with Defendants; instead, she alleges that her mother did not obtain a loan from Defendants secured by her real property, but they nevertheless improperly obtained a

state court judgment of foreclosure in 2011, without effecting service on Plaintiff's mother. These facts do not suggest that Plaintiff has a claim personal to her that arises under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

For diversity purposes, an individual is a citizen of the State where she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."). Plaintiff alleges that she resides at 92 Horton Avenue in New Rochelle, New York.[1] She lists addresses for all Defendants in Syosset, New York. Because it appears from the complaint that both Plaintiff and Defendants are citizens of New York, the parties do not have diverse citizenship, and the Court cannot exercise diversity jurisdiction over this matter.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. If Plaintiff submits a written declaration in an effort to show that the Court can exercise subject matter jurisdiction over this action, Plaintiff must also include

---

[1] Plaintiff appears to reside at the address of the property subject to allegedly wrongful foreclosure.

5

information about whether she has been appointed administrator or personal representative of her mother's estate, and whether there are any other beneficiaries or creditors of the estate.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 21-CV-5108 (LTS). A declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction over this action, the complaint will be dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 15, 2021
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
|---|---|
| Executed on (date) | Signature |

| _____ | _____ |
|---|---|
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Address | City | State | Zip Code |

| _____ | _____ |
|---|---|
| Telephone Number (if available) | E-mail Address (if available) |